PER CURIAM.
This matter is before the Court on Respondent’s Petition for Leave to Resign Pending Disciplinary Proceedings, pursuant to article XI, Rule 11.08, as amended effective October 1,1979, of the Integration Rule of The Florida Bar.
The Petition states:
1. The Petitioner has been a member of The Florida Bar since 1972.
2. There is one disciplinary matter pending concerning the Petitioner. There are no criminal proceedings pending which concern the Petitioner.
3. The one disciplinary matter which concerns the Petitioner is The Florida Bar v. Karl F. Loucks, II, File No. 15E80F04.
4. The Florida Bar Judicial Circuit Grievance Committee 15“E” voted that probable cause for further disciplinary proceedings existed in The Florida Bar v. Karl F. Loucks, II, File No. 15E80F04 on April 2, 1980.
5. The Florida Bar Judicial Circuit Grievance Committee 15“E” found probable cause to believe Petitioner, in Case No. 15E80F04, violated Disciplinary Rules l-102(a)(3), (4), (5) and (6), which prohibit an attorney from: 1) engaging in illegal conduct involving moral turpitude; 2) engaging in conduct involving dishonesty, fraud, deceit or misrepresentation or other conduct that adversely reflects on his fitness to practice law, and violation of Florida Bar Integration Rule, article XI, Rule 11.02(4) which requires attorneys to hold funds or property entrusted to them for a specific purpose in trust and apply said funds or property only to that specific purpose.
The Petitioner is charged with misappropriating $9,997.00 of funds being held in trust, by a law firm he was an employee associate with, to his own use:
A. The Petitioner was employed as an associate attorney at the law firm of Barnett, Alagia and Prosperi from July 1, 1978 until June 5, 1979.
B. The Petitioner while employed by the law firm of Barnett, Alagia and Prosperi had primary responsibility for representing John Chappie in a suit for money damages.
C. The law firm of Barnett, Alagia and Prosperi received funds on behalf of John Chappie to be held in the law firm’s trust account.
D. The Petitioner had received authorization from John Chappie to receive checks from the law firm’s trust account which checks were payable to Petitioner.
E. The Petitioner was authorized to cash these trust account checks and deliver the cash to John Chappie.
F. On four (4) separate occasions, checks were drawn at the [Respondent’s] request totaling approximately $12,000.00.
G. The Petitioner delivered to John Chappie only $2,003.00, misappropriating to his own use $9,997.00.
6. The law firm of Barnett, Alagia and Prosperi made restitution to John Chappie by transferring to him funds the law firm had earned as a fee in representing John Chappie.
7. No other cases or complaint [sic] are currently under investigation by The Florida Bar.
8. The Petitioner has agreed to make restitution to the law firm of Barnett, Alagia and Prosper [sic] for their payment to John Chappie of the funds Petitioner misappropriated.
9. The Petitioner is no longer residing in Florida or actively engaged in the practice of law.
10. The Petitioner does not believe the granting of this petition will cause *3 any harm to the public or administration of justice.
11. The Petitioner freely and voluntarily submits this petition.
The Florida Bar having now filed its response supporting the Petition for Leave to Resign on the conditions set forth above, and the Court having reviewed the same and determined that the requirements of Rule 11.08(3), as amended effective October 1, 1979, are fully satisfied, the Petition for Leave to Resign is hereby approved conditioned upon Petitioner not applying for reinstatement for a period of three (3) years.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.